UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------x   FOR PUBLICATION

In Re:                                                    Chapter 7

CHARLES ROSCOE CLARKE and
DONALEE THERESA CLARKE                                    Case No. 08-71630


             Debtors.

------------------------------------------------------x

In Re:                                                    Chapter 7

GEORGE MICHAEL NAJDEK and                                 Case No. 08-71563
THEODORA HOPE NAJDEK

             Debtors.

------------------------------------------------------x

DIANA G. ADAMS,
United States Trustee,                                    Adv. Pro. No.08-8133-reg

             Plaintiff,
-against-

JEFFREY GIORDANO,
JEFFREY GIORDANO, d/b/a DEBT
CONSULTING, JEFFREY GIORDANO,
d/b/a BEST DEBT CONSULTING,
RUTH GRAHAM, a/k/a RUTH H. SILVA,
a/k/a HELEN SILVA,
REAL HELP GROUP SERVICES,
GEORGE S. WYNNS, and
GEORGE S. WYNNS, d/b/a THE
BANKRUPTCY ASSISTANT,

            Defendants.
------------------------------------------------------x

**AMENDED MEMORANDUM DECISION**

Diana Adams, the United States Trustee for Region 2 (the "Plaintiff" or the "US Trustee") commenced this action against the above-named defendants as bankruptcy petition preparers and debt relief agencies for violations of 11 U.S.C. §§ 110 and 528 in each of the debtors' bankruptcy cases. The US Trustee has entered into settlements with each of the defendants except George Wynns. On April 7, 2008, the Court held a trial in this matter against George S. Wynns and George S. Wynns, d/b/a The Bankruptcy Assistant (collectively, "Wynns"). The question presented to the Court at trial was whether Wynns prepared the bankruptcy petition, schedules, Statements of Financial Affairs, and other related documents ("Petition") on behalf of the Debtors Charles and Donalee Clarke ("Clarke") and George and Theodora Najdek ("Najdek") (collectively, the "Debtors") in violation of 11 U.S.C. §§ 110 and 528. There is no dispute that Wynns prepared the Petitions and Wynns admits that his electronic signature appears in the signature portion of the Petitions. The thrust of Wynns's defense is that despite having prepared the Petitions he did not intend that the Petitions would be filed; thus, he did not prepare a petition for "filing." The fundamental issue before the Court is whether a finding of intent is required in order for a person to violate section 110 of the Bankruptcy Code.

For the reasons set forth below, the Court finds that: 1) The statutory language of section 110 does not require that the petition be drafted with the intent that it be filed before the drafter may be held to the disclosure requirement; 2) Wynns prepared the Petitions for Clarke and Najdek; 3) Wynns failed to comply with the disclosure requirements set forth in section 110 prior to accepting fees or rendering services to Clarke or Najdek; and 4) Wynns engaged in the unauthorized practice of law.

*Facts*

George Wynns is an individual who lives in California. The Bankruptcy Assistant ("TBA") is an entity under Wynns's control with an office in California. Wynns operated a website which advertised bankruptcy petition preparation services. The website provides that Wynns has done contract paralegal work for attorneys for the past 20 years and earned certain designations in his profession.

Clarke and Najdek consulted defendant, Jeffrey Giordano ("Giordano") about their financial issues. Giordano forwarded Clarke's and Najdek's information to Wynns and Wynns completed the Petitions for Clarke and Najdek for a fee of $150 per Petition. The Najdek and Clarke Petitions bore Wynn's electronic signature. Clarke filed a joint pro-se bankruptcy petition under chapter 7 of the Bankruptcy Code on April 4, 2008. Najdek filed a joint pro-se chapter 7 petition on April 1, 2008. When Clarke filed his Petition, the court clerk gave him a Notice of Deficient Filing. Thereafter, Wynns sent a letter addressed to Clarke but not dated explaining the Notice of Deficient Filing and the forms missing from the Petition. In addition to addressing each of the missing documents listed in the Notice, Wynns advised Clarke to file a copy of his tax return, Certificate of Credit Counseling, and a Financial Management Certificate. Wynns further informed Clarke of the time requirements for filing and that the Court allowed Clarke 15 days to file the missing documents. Along with this letter, Wynns also included a letter addressed to the Court, dated May 1, 2008 which Wynns drafted on behalf of Clarke for Clarke to send to the Court with the missing documents. In this letter addressed to the Court, Wynns represented to the Court that he previously furnished copies of the missing documents to Clarke and that they should have been filed but that since he does not see them on PACER as having been filed he is providing additional copies to the Debtors and for filing. Wynns testified

that he has received a law school degree but that he is not an admitted attorney or working under the supervision of an attorney.

The US Trustee commenced an action against Wynns and the other defendants on July 1, 2008. Wynns, through his counsel Donald Harris, filed an answer in August 2008 which he subsequently amended in January 2009 (the "Answer"). In his Answer, Wynns admitted that he prepared joint Petitions for Clarke and the Najdek which Petitions bore Wynns's electronic signature. On January 30, 2009, Wynns docketed a motion for summary judgment, and on April 6, 2009, a motion to dismiss the adversary proceeding. Wynns failed to include a statement of undisputed facts required by Federal Rule of Bankruptcy Procedure 7056. In addition, pursuant to E.D.N.Y. LBR 9013-1(f) unless otherwise directed, a hearing is required on all calendar matters. Wynns never scheduled either motion for a hearing.[1] The Court held a bench trial on April 7, 2009 and the parties filed proposed Conclusions of Fact and Law on or before May 7, 2009.

## *Issues Presented*

The US Trustee seeks fines and sanctions under section 110(l)(1) against Wynns of $500.00 per offense for violating sections 110(b)(2), 110(e)(2), 527, and 528 of the Bankruptcy Code in each of the Debtors' bankruptcy cases. The US Trustee also seeks to permanently enjoin Wynns from further engaging in the unauthorized practice of law and from continuing to prepare petitions as a bankruptcy preparer. At the trial the Court considered the following legal issues:

---

[1] Pursuant to the Scheduling of Hearings Before the Honorable Robert E. Grossman (available at www.nyeb.uscourts.gov/calendars/scheduling/reg_sch.pdf), hearing dates for all motions may be requested by emailing Judge Grossman's Courtroom Deputy and all motions must be filed at least two weeks prior to the requested hearing date.

(i)     Whether Wynns failed to provide the required written notice that he was a bankruptcy petition preparer prior to either accepting fees or preparing the bankruptcy petitions for Clarke and Najdek violating 11 U.S.C. §110(b)(2).

(ii)    Whether Wynns provided legal advice to Clarke and Najdek and violated 11 U.S.C. §110(e)(2) by his unauthorized practice of law.

(iii)   Whether under 11 U.S.C. §110(j)(1), Wynns should be permanently enjoined from engaging in the unauthorized practice of law and acting as a bankruptcy petition preparer because he provided legal services and engaged in fraudulent, unfair and deceptive conduct in his dealings with Clarke and Najdek.

(iv)    Whether Wynns engaged in fraudulent, unfair and deceptive conduct which warrants the imposition of fines for damages to Clarke and Najdek.

(v)     Whether Wynns violated 11 U.S.C. §527 when he failed to comply with the disclosure requirements for a "debt relief agency" as defined under 11 U.S.C. §101(12A) to Clarke and Najdek.

(vii)   Whether Wynns violated 11 U.S.C. §528 when he failed to provide a written contract disclosing that he was a "debt relief agency" as defined under 11 U.S.C. §101(12A) prior to providing services to Clarke and Najdek.

According to Wynns, he did not violate the requirements applicable to a bankruptcy petition preparer because he did not prepare the petitions with the intent that the petitions be filed. Wynns further argues that he did not provide legal advice to the Debtors because he only filled out worksheets and schedules but did not make any representations that the information was accurately completed on the schedules based on the various sections of the Bankruptcy Code. Moreover, Wynns asserts that he did not provide any legal advice to Clarke when he sent

Clarke the letter because he only summarized the information in the Notice of Deficient Filing Clarke already received from the court clerk.  Last, Wynns argues that a permanent injunction is not appropriate in his case because he never conducted any work for the Debtors directly, as he provided his services only to attorneys.  Once he realized that his work was being used improperly he immediately stopped working with Giordano; and he testified that in the future he will provide disclosures prior to preparing petitions.  Moreover, Wynns argues that because injunctive relief was not an appropriate remedy in this case, the US Trustee should have never brought the adversary proceeding against Wynns.

**<u>Bankruptcy Petition Preparer</u>**

Section 110(a)(1) of the Code defines "bankruptcy petition preparer" as a person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing.  A "document for filing" in turn is defined in section 110(a)(2) as a petition or any other document prepared for filing by a debtor in a United States bankruptcy court.  Further, section 110(b)(1) provides in relevant part that a bankruptcy petition preparer who prepares a document for filing shall sign the document and print on the document the preparer's name and address.

In the motion for summary judgment and proposed Conclusions of Fact and Law, Wynns asserts that he did not act as a bankruptcy petition preparer as defined by the Code.  Wynns argues that the definition requires that the person prepare documents *for filing* which in turn requires the papers to be in final form.  Pursuant to his understanding with Giordano, Wynns only conducted preliminary preparations, gathering data and completing rough drafts of the Petitions.  Wynns expected the Debtors to review these initial drafts with Giordano and only after such review and revisions would the Petitions be filed.  Wynns asserts that he had no initial

contact with the Debtors, did not accept any money from them and that he was actually working for Giordano. Thus Wynns concludes that because he only prepared the Petitions for preliminary review and not for immediate filing, he did not regard the work he did at that stage as preparing documents for filing and thus he does not qualify as a bankruptcy petition preparer.

At trial Wynns pointed to the absence of his physical signature on the Petitions as further evidence that he expected the petitions to be only draft petitions and not petitions for filing. He contends that the electronic signature does not qualify as his signature because only a physical signature of his name qualifies. Further, Wynns contends that the software he used for preparing petitions automatically populated the "s" and "slashes" along with his name without any prompt from him. Wynns denied that he pressed the keyboard keys corresponding to those characters. Wynns explained that even though he knew the "s" and "slash" with his name were on the petition prior to sending it to Giordano, he was not aware of its meaning. Moreover, Wynns argues that because the Clarke's and Najdek's cases were non-electronic cases, the court clerk should not have accepted any documents in those cases because they bore the typewritten name and the "s" and "slashes."

The Court does not find Wynns's testimony credible. First, that the court clerk accepted documents is of no import. The Court refuses to hold the court clerk as the gatekeeper responsible for preventing attorneys or nonattorneys from committing professional mistakes. Second, the US Trustee introduced into evidence both Clarke's and Najdek's Petitions which reflected Wynns's electronic signature. Wynns introduced no evidence indicating that someone else entered his signature or social security data on the Petition unbeknownst to him. Instead he asserts that his computer automatically populated the information. Just as it did with the court clerk, the Court now refuses to hold a computer accountable for the Defendant's alleged

professional misconduct. Wynns introduced no evidence that establishes that a computer signs petitions without a prompt at some point along the way. Even if the software automatically completed certain fields based on similar information previously entered into the software, Wynns could have easily deleted such information if he did not intend for it to appear. Wynns completed law school, has earned the designation Certified Paralegal with the National Association of Legal Assistants, operates a website, has his own company, and has done contract paralegal work for attorneys for the past 20 years. Even if the Court were to be persuaded that Wynns was not aware of the meaning of the "s" and "slash" prior to his name, the Court can hardly believe that he does not know the import of having his name, albeit not his signature, affixed to the end of documents.

Likewise the Court is not persuaded by Wynns's contention that he did not prepare a document for filing because (1) he expected or intended the document to be first reviewed rather than filed, or (2) he did not receive compensation from the Debtors directly. Courts have rejected attempts to evade the language of section 110. Courts have rejected arguments by petition preparers that they were not preparers because they were "merely collecting money for other services" and thus not "compensated." *See In re Gaftick*, 333 B.R. 177 (Bankr. E.D.N.Y. 2005); *Ferm v. United States (In re Crowe)*, 243 B.R.43 (B.A.P. 9th Cir. 2000) (nonattorney who sold self-help bankruptcy book and also offered to then help book purchasers preparer documents for free was "compensated"). "The Bankruptcy Code does not require that the actual preparer receive payment directly from the debtor." *See In re Gaftick*, 333 B.R. 177. If a franchisor of a petition preparation service prepares documents that are ultimately filed, the franchisor and the franchisee are both petition preparers under the statutory definition. *See id*.

Further, the statute is clear on its face and does not contain a subjective element. The language of the statute provides in relevant part that a "bankruptcy petition preparer" is a person who prepares a document for filing. The statute does not read that a preparer is a person who prepared a document *intended* for filing. There is no characterization or limitations on the word "filing" and the Court refuses to interject supplementary words into statutes. Accordingly, the Court will not engage in an analysis of Wynns's subjective intent or expectation as to the ultimate filing of the Petitions. Where the statute's language is plain, an inquiry into its meaning ends with the language of the statute and the sole function of the court is to enforce it according to its terms. *United States v. Ron Pair Enter*s., 489 U.S. 235, 241 (1989).

In his Answer and at the trial, Wynns admitted that he was compensated for preparing the Petitions. Moreover, at the trial, in response to whether Wynns should be penalized for perjury since by his signature he certified that he prepared the Petitions, Wynns admitted that he prepared the Petitions. Further in the closing statements, Wynns's attorney asserted that Wynns was a bankruptcy petition preparer. Accordingly, the Court concludes that Wynns was a person other than an attorney for the debtor or an employee of such attorney who prepared for compensation the Clarke and Najdek Petitions for filing.

**Section 110(b)(2) Disclosures**

US Trustee asserts that Wynns violated section 110(b)(2) because he failed to disclose in writing to Clarke and Najdek that he was not an attorney before preparing any document for filing.[2]

---

[2] Section §110(b)(2)(A) provides in relevant part

    (A)    Before preparing any document for filing or accepting any fees from a debtor, the bankruptcy petition preparer shall provide to the debtor a written notice which shall be on an official form prescribed by the Judicial Conference of the United States in accordance with Rule 9009 of the Federal Rules of Bankruptcy Procedure.
    (B)    The notice under subparagraph (A)--
        (i)    shall inform the debtor in simple language that a bankruptcy petition preparer is not an

At the trial, Clarke testified that prior to filing the Petition, Wynns did not provide him with any document which informed him that Wynns was not an attorney. Clarke testified that the first time he received such a document was after he had filed the petition when he received a packet of documents from Wynns containing necessary documents missing from his Petition. Najdek likewise testified that prior to filing his Petition he did not communicate with Wynns, and only learned of Wynns by seeing his signature on the Petition and by Giordano's comments that his partner prepared the Petition. Najdek testified that he paid Giordano prior to receiving his completed petition. Moreover, Wynns admitted that he did not provide disclosures to Najdek and Clarke.

Wynns's argument in support of not violating section 110(b)(2) turns on his interpretation of the timing of the disclosures. Wynns asserts that providing disclosures "before preparing any document for filing" could mean "before *completing* a document for filing." Wynns contends that since he only conducted the preliminary preparation of the petition at that time disclosures did not yet need to be given. He asserts that he intended the Petition to be subsequently reviewed by Giordano and the Debtors, and the disclosures to be provided to the Debtors at that time. Wynns pleads that in the event the Court finds that he violated section 110(b)(2) the Court should regard it as an "inadvertent violation of a technical nature" and recognize that the Debtors did ultimately receive the disclosures.

---

attorney and may not practice law or give legal advice;
(ii) may contain a description of examples of legal advice that a bankruptcy petition preparer is not authorized to give, in addition to any advice that the preparer may not give by reason of subsection (e)(2); and
(iii) shall--
    (I) be signed by the debtor and, under penalty of perjury, by the bankruptcy petition preparer; and
    (II) be filed with any document for filing.

If the statutory language is unambiguous and the statutory scheme is coherent and consistent the Court should not speculate further. *United States v. Ron Pair Enter*s., 489 U.S. 235, 241 (1989). Congress is presumed to be purposeful in its drafting. *See Barnhart v. Sigmon Coal Co. Inc.*, 534 U.S. 438, 439-40 (2002). This statute is unambiguous, it provides that "before *preparing* any document for filing" the preparer shall provide a written notice. 11 U.S.C. §110(b)(2) (emphasis added). If Congress wanted the disclosure to be provided to debtors before "completing" instead of "preparing" any document, it would have so used that word instead. The Court is not prepared to read additional words into the statute or start substituting words that do not otherwise appear. The language is in concert with the statutory scheme. Congress enacted section 110 so that debtors do not enter the bankruptcy system ill-informed. In section 110 Congress intended as a policy matter that when debtors seek advice, it should come from licensed attorneys to assure that only persons with appropriate training and expertise provide advice. *In re McDonald*, 318 B.R. 37 (Bankr. E.D.N.Y. 2004); *see, e.g., In re Farness*, 244 B.R. 464, 467 (Bankr. D. Idaho 2000) (Section 110 serves the important purpose of protecting *prospective* debtors from abusive conduct by non-attorney bankruptcy petition preparers) (emphasis added); *Martini v. We the People Forms & Serv. Ctr. USA, Inc (In re Barcelo)* 313 B.R. 135 (Bankr. E.D.N.Y. 2004) (matters addressed by section 110 go to the heart of the bankruptcy process because failure carefully and accurately to prepare a debtor's bankruptcy petition may ultimately defeat a debtor's discharge).

Essentially, Wynns's argument is that informing debtors that their petition will be prepared by a non-attorney is not necessary until after the petition has been finalized. This, however, circumvents the purpose of the statute that the debtor be aware that the person he is relying on is not licensed to give legal advice. Moreover, Wynns's assertion- that he intended

that the Debtors and Giordano review and revise the Petition prior to filing and that the disclosures would then be given to the Debtors- distorts the statutory scheme. According to Wynns's expectations those debtors who had additional questions and revisions would receive the benefit of knowing that the person who prepared their petition was not an attorney, while those who had no revisions or questions would be denied such a benefit. This cannot be the result that Congress intended. Accordingly the Court concludes that Wynns violated section 110(b)(2) because he failed to provide written notice to either Clarke or Najdek prior to preparing the Petitions.

The penalty for violation of section 110(b) is a fine of not more than $500 for each failure to comply, although the preparer may avoid fines relating to violations of that provision upon a showing that "the failure is due to reasonable cause." 11 U.S.C. § 110(b)(2). In this case, Wynns has presented no evidence of "reasonable cause" for his violations of section 110(b). In his proposed Conclusions of Law and Fact, Wynns stated that he failed to provide the Debtors with the disclosures because he thought that Giordano was supposed to provide them and that he did not think they were required at the point he prepared the petitions. Wynns further pleaded that while he may have violated the disclosure requirement he did not do it intentionally and that he agrees that providing the disclosures initially is the best practice and will abide by that in the future.

While Wynns may have been confused about the requirements or limitations of section 110, ignorance of the law does not constitute "reasonable cause" for noncompliance with the statute. *In re Ali*, 230 B.R. 477 (Bankr. E.D.N.Y. 1999) ("Ignorance of the law is not reasonable cause to forego the imposition of fines."); *In re Hartman*, 208 B.R. at 778; *In re Paskel*, 201 B.R. 511, 518 (Bankr. D. Ark.1996). Thus, this Court finds no reasonable cause for Wynns's

violations of section 110(b) and concludes that fines may be assessed for each violation of that section.

**Section 110(e)(2) Advice**

The US Trustee asserts that Wynns violated section 110(e)(2) because he engaged in the unauthorized practice of law.[3]  Wynns denies providing legal advice.  He contends that the extent of his work was to complete worksheets by entering information supplied to him by Giordano into a program.  Wynns never represented that the software program produced correct information according to the Code or that the Debtors should rely on it.  Instead, Wynns asserts, Giordano was supposed to review the information with the Debtors and answer any questions. Further, Wynns argues that he did not provide advice because the documents he included were only print outs generated from computer software that Clarke already knew were missing by reason of the Notice of Deficient Filing produced by the clerk's office.  Wynns argues that the letters were not instructions for Clarke but merely helpful.

Bankruptcy courts look to state law to determine whether a bankruptcy petition preparer has engaged in the unauthorized practice of law. *In re McDonald*, 318 B.R. 37 (Bankr. E.D.N.Y.

---

[3] Section 110(e)(2) provides in relevant part:

(A)   A bankruptcy petition preparer may not offer a potential bankruptcy debtor any legal advice, including any legal advice described in subparagraph (B).
(B)   The legal advice referred to in subparagraph (A) includes advising the debtor--
    (i)   whether--
        (I)   to file a petition under this title; or
        (II)  commencing a case under chapter 7, 11, 12, or 13 is appropriate;
    (ii)  whether the debtor's debts will be discharged in a case under this title;
    (iii) whether the debtor will be able to retain the debtor's home, car, or other property after commencing a case under this title;
    (iv)  concerning--
        (I)   the tax consequences of a case brought under this title; or
        (II)  the dischargeability of tax claims;
    (v)   whether the debtor may or should promise to repay debts to a creditor or enter into a reaffirmation agreement with a creditor to reaffirm a debt;
    (vi)  concerning how to characterize the nature of the debtor's interests in property or the debtor's debts;
    (vii) concerning bankruptcy procedures and rights.

2004).  In New York State, only licensed attorneys may engage in the practice of law.  N.Y. Jud. Law § 478 (McKinney 2004).  Section 478 of New York's Judiciary law states that "it shall be unlawful for any . . . person to practice . . . as an attorney-at-law . . . or to hold himself out to the public as being entitled to practice law . . . without having first been duly and regularly licensed and admitted to practice law in the courts of record in this state."  N.Y. Jud. Law § 478.  "Giving of legal advice and counsel, including instructions and advice as to the preparation of legal instruments, constitutes the practice of law."  *In re Gaftick*, 333 B.R. 177 (Bankr. E.D.N.Y. 2005);  *New York County Lawyers' Association v. Dacey*, 283 N.Y.S.2d 984, 989, 28 A.D.2d 161, 165 (1st Dep't 1967), rev'd on other grounds, 21 N.Y.2d 694, 234 N.E.2d 459, 287 N.Y.S.2d 422 (1967).  The practice of law also includes preparing "legal instruments . . . by which legal rights are secured."  *See In re McDonald*, 318 B.R. 37.

The advice given by a bankruptcy petition preparer does not need to be sophisticated for the prohibition against the unauthorized practice of law to be triggered.  *In re McDonald*, 318 B.R. at 47.  Reviewing the various cases on the unauthorized practice of law by bankruptcy petition preparers, the court in *In re McDonald* summarized that advising prospective debtors as to exemptions, selection of the appropriate bankruptcy chapter, and how property and debts should be classified and scheduled, as well as summarizing or reformulating information provided by prospective debtors, all constitute the practice of law.  318 B.R. 37, 47.  Further, providing information documents and overview documents to debtors also constitutes the unauthorized practice of law because the documents serve to simplify the bankruptcy process which leads to the preparer exercising his or her judgment as to how best to accomplish that result and gives potential debtors guidance and advice on how to fill out the forms.  *In re Gaftick*, 333 B.R. 177.  The role of the bankruptcy petition preparer instead is solely to type

information on bankruptcy forms. *Adams v. Spreagle, LLC* (*In re Taub*), AP No 07-8178, 2008 Bankr. LEXIS 810 (Bankr. E.D.N.Y. 2008).

The record contains ample evidence to support the contention that Wynns did more than just type information on bankruptcy forms, he exercised his judgment as to how best simplify the legal process for Clarke. Wynns admitted filling out schedules and worksheets comprising the Petition for Clarke. Clarke testified that Wynns sent a letter to him advising Clarke of all the steps required to proceed with Clarke's filing. The cover letter explained the procedures that Clarke should follow and the documents that were missing from Clarke's petition. Although Clarke was already aware that there were documents missing because of the Notice of Deficient Filing he previously received, the letter went beyond listing the documents and attaching them. Wynns advised Clarke the steps he should take in regard to the missing documents. In addition, the letter also advised Clarke that he must file additional documents such as pay stubs, certificates, and tax returns, information which was not in the Notice of Deficient Filing. Clarke asserted that he relied on the letter and followed its advice. In addition, Clarke testified that Wynns prepared a letter addressed to the Court on Clarke's behalf and included the letter in the packet for Clarke to send to the Court. The Court finds that this letter was written on Clarke's behalf and advocated Clarke's position regarding the missing documents.

The Court concludes that Wynns engaged in the unauthorized practice of law. Pursuant to 11 U.S.C. 110 (l)(1), a bankruptcy petition preparer who fails to comply with any provision of subsection (e) may be fined not more than $500 for each such failure. Having found that Wynns failed to comply with subsection (e)(2)(A) and (B) the Court believes he should be fined in Clarke's case.

**Injunction**

Wynns asserts that the US Trustee improperly seeks to enjoin Wynns from engaging in future preparations of bankruptcy petitions. Wynns asserts that upon learning of the alleged violations, the US Trustee should have contacted Wynns to correct the problem and settled the matter on terms that were not "too harsh." Wynns contends that the US Trustee should not have brought the complaint because Wynns was forced to respond to the adversary proceeding at extreme cost and inconvenience to him and thus concludes that the US Trustee commenced the action in bad faith. Wynns further argues that since permanently enjoining him is not an appropriate remedy, the US Trustee should never have commenced the adversary proceeding seeking an injunction and thus the Court does not have jurisdiction over the matter. Wynns concludes that he is entitled to attorney fees and costs.

Pursuant to 11 U.S.C. § 110(j)(1), the United States Trustee, among other parties, may bring a civil action to enjoin a bankruptcy petition preparer from engaging in any conduct in violation of this section or from further acting as a bankruptcy petition preparer. Subsection (2) provides that if the Court finds that a) a bankruptcy petition preparer has engaged in conduct in violation of this section or of any provision of this title; or misrepresented the preparer's experience or education as bankruptcy petition preparer; or engaged in any other fraudulent, unfair, or deceptive conduct; and b) injunctive relief is appropriate to prevent the recurrence of such conduct, the Court may enjoin the bankruptcy petition preparer from engaging in such conduct.[4]

---

[4] Section 110(j) provides:
(1) A debtor for whom a bankruptcy petition preparer has prepared a document for filing, the trustee, a creditor, or the United States trustee in the district in which the bankruptcy petition preparer resides, has conducted business, or the United States trustee in any other district in which the debtor resides may bring a civil action to enjoin a bankruptcy petition preparer from engaging in any conduct in violation of this section or from further acting as a bankruptcy petition preparer.
   (2)(A) In an action under paragraph (1), if the court finds that--
   (i) a bankruptcy petition preparer has--

In deciding whether permanent injunctive relief is appropriate, a court should consider: (1) whether there is a cognizable danger that the violation will be repeated; (2) prior conduct; (3) current conduct; and (4) whether reliable promises have been made to commit no further violations in the future. *See Metzler v. IBP, Inc.*, 127 F.3d 959, 963-64 (10th Cir.1997). Some courts have found that enjoining defendants from acting as bankruptcy petition preparers is not appropriate where there is no evidence that a more tailored injunction would be ineffective. *See Patton v. Scholl*, No. 98-5729, 1999 WL 431095 (E.D.Pa. June 28, 1999) (vacating an injunction because "there [wa]s nothing in the record before the court to indicate that preparer would attempt to overstep the restrictions imposed in a more tailored injunction").

At the trial sufficient evidence was presented to support the US Trustee's proceeding against Wynns for violating section 110 of the Bankruptcy Code and seeking an injunction. At the trial, evidence was presented that Wynns operated a website, regularly advertised bankruptcy petition work, and did such work for twenty years; leading to the conclusion the Wynns's violations could be widespread. Wynns admitted not speaking to or providing Najdek and Clarke with disclosures prior to preparing their petitions. Further, the Court found that Wynns engaged in the unauthorized practice of law when he guided Clarke on the bankruptcy process in

---

        (I) engaged in conduct in violation of this section or of any provision of this title;
        (II) misrepresented the preparer's experience or education as a bankruptcy petition preparer; or
        (III) engaged in any other fraudulent, unfair, or deceptive conduct; and
    (ii) injunctive relief is appropriate to prevent the recurrence of such conduct,
the court may enjoin the bankruptcy petition preparer from engaging in such conduct.

(B) If the court finds that a bankruptcy petition preparer has continually engaged in conduct described in subclause (I), (II), or (III) of clause (i) and that an injunction prohibiting such conduct would not be sufficient to prevent such person's interference with the proper administration of this title, has not paid a penalty imposed under this section, or failed to disgorge all fees ordered by the court the court may enjoin the person from acting as a bankruptcy petition preparer.
(3) The court, as part of its contempt power, may enjoin a bankruptcy petition preparer that has failed to comply with a previous order issued under this section. The injunction under this paragraph may be issued on the motion of the court, the trustee, or the United States trustee (or the bankruptcy administrator, if any).
(4) The court shall award to a debtor, trustee, or creditor that brings a successful action under this subsection reasonable attorneys' fees and costs of the action, to be paid by the bankruptcy petition preparer

the letter Wynns sent to him and to the Court. The US Trustee properly commenced this adversary proceeding. The Court will not start instructing the US Trustee who he should settle with and the terms of such settlements. Accordingly, the Court denies Wynns's request for attorney fees and costs.

Having found that Wynns violated section 110, the Court finds that a tailored injunction preventing Wynns from further engaging in such violative conduct is appropriate. In his defense Wynns asserts that he has no intention of preparing bankruptcy petitions in this District in the future and does indicate some remorse and reflection. He testified that as soon as he realized that Giordano was not conducting the petition preparation as he expected he immediately ceased working with him. In addition, Wynns testified that he usually does provide disclosures to the attorneys he works with and assures that he will do so in the future. There is also no evidence that Wynns had prior violations. As such, the Court believes that Wynns's wrongful conduct could be halted by an injunction against improper conduct itself rather than a permanent injunction.

### *Conclusion*

The Court concludes that Wynns was a bankruptcy petition preparer, that the failed to provide required disclosures and that he engaged in the unauthorized practice of law. Pursuant to 11 U.S.C. § 110 (l)(1), a bankruptcy petition preparer who fails to comply with any provision of subsection (b) or (e) may be fined not more than $500 for each such failure. Having found that Wynns failed to comply with subsections (b)(2)(a) and (e)(2)(A) the Court believes he should be fined $500.00 in the Clarke case and $250.00 in the Najdek's case.

In addition, pursuant to 11 U.S.C. § 110(i)(1)(A) & (B) the Court shall order the bankruptcy petition preparer to pay to the debtor a) the debtor's actual damages; or b) the greater

of $2,000;[5] or c) twice the fees paid to the bankruptcy petition preparer if the bankruptcy petition preparer violates section 110 of the Bankruptcy Code or if the Court finds any act committed by the bankruptcy petition preparer to be fraudulent, unfair, or deceptive. As determined above, Wynns violated section 110 of the Bankruptcy Code and therefore, the Court orders Wynns to pay to Clarke and Najdek $2,000 each.

Wynns shall also pay attorney fees to US Trustee in the amount of $1,000 plus an additional amount of $1,000 pursuant to section 110(i)(2) as a result of the US Trustee having to move for damages on behalf of the debtor. Having awarded attorney fees to the Trustee pursuant to section 110(i)(2) the Court denies any additional attorney fees based on section 110(j)(4) for bringing an appropriate successful action for an injunction.

Further, pursuant to 11 U.S.C. §101(12A), a bankruptcy petition preparer under section 110 of the Bankruptcy Code is automatically defined as a "debt relief agency." Pursuant to 11 U.S.C. § 528(a)(1), a debt relief agency is required to provide a debtor, not later than 5 business days after the first date on which services were rendered but prior to filing of the bankruptcy petition, a contract to the debtor for execution detailing: a) the services to be provided; b) the fees charged and the terms of the payment. Clarke and Najdek testified that Wynns did not provide them with any contracts and Wynns did not dispute this testimony. Under 11 U.S.C. § 526(c)(2), a debt relief agency that violated section 528 is liable in the amount of any fees or charges in connection with providing bankruptcy assistance, for actual damages, and for reasonable attorney's fees and costs. The Court having granted relief for fees and actual

---

[5]Section 110(i)(1) provides:
If a bankruptcy petition preparer violates this section or commits any act that the court finds to be fraudulent, unfair, or deceptive, on the motion of the debtor, trustee, United States trustee (or the bankruptcy administrator, if any), and after notice and a hearing, the court shall order the bankruptcy petition preparer to pay to the debtor--
(A)    the debtor's actual damages;
(B)    the greater of--
    (i)    $2,000; or
    (ii)    twice the amount paid by the debtor to the bankruptcy petition preparer for the preparer's services

damages under the prior causes of action does not believe that additional relief should be granted on the US Trustee's twelfth cause of action pursuant to section 528.

A Judgment consistent with this opinion shall be entered forthwith.

**This Amended Memorandum Decision amends the Court's Memorandum Decision issued on May 31, 2009 to correct the numbering of the footnotes. Nothing in this Amended Memorandum Decision changes the Court's substantive rulings except to change the numbering of the last two footnotes.**

Dated: Central Islip, New York
      June 15 , 2009                                           ***/s/ Robert E. Grossman***
                                                                      Robert E. Grossman
                                                                      United States Bankruptcy Judge